103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne R. HEIM, Defendant-Appellant.
 No. 96-35492.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne R. Heim, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for conspiring to distribute a controlled substance (21 U.S.C. § 841(a)(3) & 846) and traveling in aid of racketeering (18 U.S.C. § 1952(a)(3)). Heim contends his federal conviction violated the Double Jeopardy Clause based on the previous state forfeiture of his property. We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Even assuming Heim could show that the dual sovereignty doctrine does not preclude his double jeopardy argument because the state prosecution was a "sham" for the federal prosecution or because the federal government was a "tool" for the state, see Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959), his double jeopardy claim is nonetheless foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2147 (1996) (civil forfeiture does not constitute punishment for double jeopardy purposes).
 
 
 4
 The district court's order denying Heim's 28 U.S.C. § 2255 motion is therefore
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Heim's request for oral argument is denied. In addition, because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Heim's "motion to supplement authority" is construed as a Rule 28(j) letter and is ordered filed